UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF LOCAL UNION NO. 580 of the
INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL and
REINFORCING IRON WORKERS EMPLOYEE         **ORDER**
BENEFIT FUNDS,                            13-CV-6006 (SJF)(WDW)

                     Petitioners,

    -against-

GENERAL FENCE CORP.,

                     Respondent.
------------------------------------------------------------X

FEUERSTEIN, J.

On August 4, 2003, Trustees of Local Union No. 580 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Employee Benefit Funds (the "Funds") and General Fence Corporation ("General Fence") entered into an agreement, in which both parties agreed to be bound by the terms and conditions of a collective bargaining agreement ("CBA"). Petition to Confirm Arbitration Award [Docket Entry No. 19-1]. An arbitration hearing was held, in accordance with the CBA, following a demand by General Fence. On May 3, 2013, the arbitrator issued an award (the "Arbitration Award"), directing General Fence to pay eight hundred thirty-eight thousand nine hundred seventy-two dollars and seven cents ($838,972.07) for contributions and contractually mandated fees and costs, and to post a bond in the amount of one hundred fifty thousand dollars ($150,000.00) to secure future payments to the Funds. No party has moved to modify or vacate the Arbitration Award.

On May 14, 2013, the Funds filed a petition in Supreme Court of the State of New York, Nassau County, for an order confirming the Arbitration Award and directing that judgment be

entered thereon pursuant to CPLR §§ 7510 and 7514. Petition to Confirm Arbitration Award [Docket Entry No. 19-1]. On May 20, 2013, General Fence removed the case to the United States District Court for the Southern District of New York. On October 30, 2013, the case was transferred to the Eastern District of New York. [Docket Entry No. 14]. On December 4, 2013, the Funds filed the instant motion to remand. [Docket Entry No. 18]. Now before the Court is the Report and Recommendation of Magistrate Judge Wall, dated February 4, 2014, recommending that the Court grant the Funds' motion for remand (the "Report"). [Docket Entry No. 23]. On February 18, 2014, General Fence filed objections to Magistrate Judge Wall's Report, arguing that state court jurisdiction is preempted by the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, 1145. [Docket Entry No. 24]. For the reasons that follow, all objections are overruled and the Court adopts Magistrate Judge Wall's Report in its entirety.

I. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no

timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nevada State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II. Analysis

Magistrate Judge Wall correctly concluded that while the claims at issue in the underlying arbitration involved interpretation of the CBA, "the only claim now is confirmation of the arbitration award pursuant to state law." Report, at 8. General Fence's objections continue to focus on the nature of the claims and disputes that were at issue in the arbitration. General Fence's objections do not raise any new arguments and are reiterations and/or restatements of its previous arguments, and thus, are insufficient to trigger *de novo* review of Magistrate Judge Wall's conclusions.

Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts Magistrate Judge Wall's Report as an order of the Court. For the reasons set forth in the Report, the Funds' motion to remand is granted, with no award of costs or fees. This action to confirm the Arbitration Award is remanded to state court and the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

                                            s/ Sandra J. Feuerstein
                                            Sandra J. Feuerstein
                                            United States District Judge

Dated: May 5, 2014
       Central Islip, New York